**Christian M. RIDDLE, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 01–3214.

United States Court of Appeals, Federal Circuit.

Nov. 9, 2001.

Before MAYER, Chief Judge, CLEVENGER and LINN, Circuit Judges.

PER CURIAM.

Christian M. Riddle seeks review of the final decision of the Merit Systems Protection Board ("Board") dismissing his appeal as untimely. *Riddle v. Merit Sys. Protection Bd.*, No. SF0752010082–I–1 (Feb. 6, 2001). We *affirm.*

I

Christian M. Riddle filed an appeal with the Board to challenge the decision by the United States Postal Service ("agency") to remove him from employment effective September 13, 2000. The agency informed Mr. Riddle of its decision in a letter dated August 24, 2000. By that communication, Mr. Riddle was put on notice that his appeal must have been filed with the Board no later than 30 days after the effective date of the action being appealed. In this case, that meant that Mr. Riddle's

---

appeal, in order to be timely filed, should have been filed by October 13, 2000. In fact, his appeal was filed on November 16, 2000, more than a month late.

The Board is authorized to waive the 30–day filing requirement when an appellant shows good cause for his delay, and thus shows good cause to waive the time limit. In this case, the Board gave Mr. Riddle an opportunity to explain why his untimely appeal should be excused. He did not respond to that opportunity. Therefore, the Board, which has no way on its own to determine if good cause exists for an untimely appeal, determined that it had no choice but to dismiss Mr. Riddle's appeal as untimely.

Mr. Riddle timely sought review in this court of the Board's final decision.

## II

We may not disturb a final decision of the Board unless we find it to be arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law. 5 U.S.C. § 7703(c) (2000).

As noted above, the Board will waive the 30–day time requirement if an appellant shows good cause for a waiver. In this case, Mr. Riddle did not make any showing of good cause. In his brief to this court, he states "I never received documents from them for my case." We take this to mean that Mr. Riddle is arguing in this court, for the first time, that the untimely filing of his appeal was due to the failure of the agency to give him certain documents. Mr. Riddle does not elaborate on this point, and thus we are left to speculate on what documents Mr. Riddle may not have received, or when he may not have received them. Mr. Riddle does not expressly state that he was not advised by the agency that his appeal had to be filed within 30 days from the action he contested. Nor does he expressly state that he did not receive the removal notice issued by the agency, which explicitly stated that he must file his appeal to the Board within 30 days.

As a general proposition, we do not entertain arguments made in this court for the first time. This is especially so when the argument lacks specificity and leaves us to speculate as to merits of the argument. We thus do not give any weight to Mr. Riddle's statement that he had not received certain documents.

We perceive no error in the Board's final decision. When good cause for an untimely appeal is not shown, the Board correctly dismisses the appeal for untimeliness. That is what happened in this case, and we must affirm the Board's final decision.